While I join the majority in questioning the state's appeal which jeopardizes a conviction, I must, nonetheless, dissent from its conclusion that Kleingers's statements to police must be suppressed.
Review of the trial court's ruling on a motion to suppress is a two-step inquiry. See State v. Deters (June 12, 1998), Hamilton App. No. C-970369, unreported. Here, review of the trial court's findings of the historical facts in the first step is unnecessary. See Ornelas v. United States (1996), 517 U.S. 690, ___,116 S.Ct. 1657, 1663. I believe the trial court erred as a matter of law in concluding that his statements needed to be suppressed. Id. at ___, 116 S.Ct. at 1661-1662. To the contrary, his repeated verbal jousting with the arresting officer, summarized in the majority opinion, leads to but one conclusion: that Kleingers knowingly and voluntarily initiated further communication with the police as contemplated by Edwards v. Arizona. The statements should not have been suppressed. Therefore, I respectfully dissent.
Please Note:
The court has recorded its own entry on the date of the release of this Opinion.